1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARMED FORCES BANK, )<br><br>                             Plaintiff, )<br><br>vs. )<br><br>DFA, LLC, *et al.*, )<br><br>                         Defendants. )<br>_____ ) | Case No.  2:13-cv-01996-JAD-CWH<br><br>**ORDER** |

       This matter is before the Court on Defendants DFA, LLC and Don F. Ahern's ("defendants") Motion to Compel Discovery (doc. # 28), filed December 12, 2014. Also before this Court is defendants' Motion to Extend Discovery Deadlines (doc. # 38), filed December 16, 2014.

## BACKGROUND

       This action arises from defendants' alleged breach of their respective loan and guaranty obligations under three loans. Plaintiff Armed Forces Bank, N.A. ("plaintiff") asserts damages arising from the deficiency amounts owed under these loans, along with an award of attorneys' fees, costs, and any other appropriate relief.  See Doc. # 1.

       On March 11, 2014, the parties filed a proposed discovery plan and scheduling order, which this Court granted on March 12, 2014.  See Doc. # 16; Doc. # 17.  The parties subsequently filed stipulations seeking an extension of the discovery deadlines, which this Court granted.  See Docs. # 23; # 24; # 26; # 27.  Defendants now ask the Court to compel plaintiff to resubmit its responses to defendants' interrogatories.  See Doc. # 28.  Defendants also ask the Court to extend the discovery deadlines to allow defendants to conduct remaining discovery upon receipt of plaintiff's responses.  Id.; Doc. # 38.

**DISCUSSION**

**A.     Local Rule 26-7(a)**

After careful review, the Court finds that defendants' motion to compel must be denied for failure to comply with Local Rule 26-7(a).

Local Rule 26-7(a) requires a discovery motion to "set forth in full the text of the discovery originally sought and the response thereto, if any." Loc.Civ.R. 26-7(a).  However, defendants have simply attached plaintiff's prior discovery responses as exhibits.  Moreover, defendants do not bother to link their arguments to the complete text of requests and to plaintiff's specific discovery responses, and make no effort to address various other objections served in response to defendants' requests. Defendants appear to be operating under the misconception that it is the judiciary's responsibility to sift through scattered papers in order to identify viable claims and to manufacture arguments for parties. The Court dispels defendants' misconception with this order.

**B.     Extension of Discovery Deadlines**

Defendants also ask this Court to extend the discovery deadlines, as defendants will require additional time to complete discovery upon receipt of plaintiff's responses.  Because the Court denies defendants' motion to compel the interrogatories, this Court denies defendants' request to extend the discovery deadlines as moot.

**CONCLUSION AND ORDER**

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that defendants' Motion to Compel Discovery (doc. # 28) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that defendants' Motion to Extend Discovery Deadlines (doc. # 38) is **denied as moot**.

DATED: December 17, 2014

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**