1                         UNITED STATES DISTRICT COURT

2                           DISTRICT OF NEVADA

3

| | |
|---|---|
| Armed Forces Bank, N.A., | Case No.: 2:13-cv-1996-JAD-CWH |
|     Plaintiff | **Order Granting in Part Emergency Motion to Stay Enforcement of Judgment** [#81] |
| v. | |
| DFA, LLC, et al., | |
|     Defendants | |

10      Armed Forces Bank commenced this action for breach of three loan agreements executed by

11  defendant DFA, LLC, and the personal guaranties executed by defendant Don F. Ahern to ensure the

12  repayment of those loans.  On May 19, 2015, after a summary judgment hearing, the court entered

13  summary judgment in favor of plaintiff Armed Forces Bank and against the defendants on all aspects

14  of this case except the amount of Mr. Ahern's guarantor liability for the June 29, 2007, Loan

15  Agreement ("Nevada Loan") and the August 1, 2007, Loan Agreement ("California Loan").  The

16  court directed the clerk to enter judgment on the resolved items, and judgment was entered on May

17  19, 2015.  Docs. 77, 78.  The court then set a bench trial on the fair market value of the California

18  and Nevada properties for September 28, 2015, and ordered the parties to a settlement conference

19  before a magistrate judge.  Doc. 77.  That settlement conference is scheduled for July 21, 2015.  Doc.

20  79.

21      On May 29, 2015, the defendants filed an emergency motion to amend or correct the

22  judgment.  Doc. 81.  They recount that a dispute over the finality of the judgment has arisen: the

23  bank believes the court entered final judgment as to the resolved portions and intends to begin

24  enforcement proceedings; the defendants believe that the court intended its order to be merely

25  interlocutory and, if not, they ask the court to amend the judgment to make it interlocutory and not

26  final or stay enforcement.

27

28

**A.**      **The order was intended to be final for the resolved claims and terminated parties.**

The judgment was intended to be final. It contains the magic language required by Rule 54(b) of the Federal Rules of Civil Procedure to direct the entry of a final judgment as to one or more—but fewer than all—claims or parties. *See* Doc. 77 at 1 ("with good cause appearing and no reason for delay . . . . The Clerk of Court shall enter judgment accordingly"); *see also* Fed. R. Civ. P. 54(b) (permitting the court to direct final judgment on a claim or party "if the court expressly determines that there is no just reason for delay"). The order resolves all claims and issues against defendant DFA, LLC, leaving nothing to be adjudicated against this defendant. It leaves unresolved only *the amount of* Ahern's liability as guarantor of the California and Nevada loans. Thus, it was intended to be final against Ahern with respect to the Arizona loan.

Although not expressly stated on the record, the court scrutinized the considerations required by the United States Supreme Court in *Curtiss-Wright Corp. v. General Electric Co.*[1] before directing entry of final judgment. The matter involves separate loan and guaranty obligations, and Mr. Ahern's liability on the guaranty is distinct from and governed by different legal principles than DFA's liability under the loans. Thus, the court concluded that the relevant judicial concerns were met and that there was no reason to delay the finality of those resolved portions of this case. *Curtiss-Wright* requires a court to also consider "equitable principles such as prejudice and delay."[2] The court considered these equities before directing entry of the partial judgment here. Key to the court's Rule 54(b) determination was that this case involves notes and guaranties executed in 2008 and 2009 and that have been in default since 2012, accruing significant interest. *See* Doc. 1. The age and amounts of these obligations justified the entry of final judgment on the resolved sums. Accordingly, the court concluded that the judgment should be entered as final in these regards.

---

[1] *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10 (1980); *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989).

[2] *Gregorian*, 871 F.2d at 1519.

1  **B.      Enforcement will be temporarily stayed under Rule 62(h).**

2        But the court did not merely direct entry of judgment, it ordered the parties to a settlement

3  conference before a magistrate judge.  That conference is set for July 21, 2015, just two months

4  before the final, bench-trial phase of what little remains of this case.  *See* Doc. 77, 79.  Even though

5  the now-resolved claims present distinct legal issues that justify the entry of final judgment under

6  Rule 54(b), the economy of permitting the parties to collectively participate in the July 21, 2015,

7  settlement conference also militates in favor of a stay of enforcement under Rule 62(h).

8        Rule 62(h) permits a court to "stay the enforcement of a final judgment entered under Rule

9  54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the

10  benefit of the stayed judgment for the party in whose favor it was entered."  Because the court's

11  intention was for all parties to participate in good faith in the July 21, 2015, settlement conference

12  without the distraction of a pending appeal or without the risk that this court may lose jurisdiction

13  over a party or claim, and because the court finds that any delay in the plaintiff's ability to enforce

14  the judgment will be minimal and is outweighed by the public policy favoring the mutual settlement

15  of claims, the court finds good cause for a brief stay of enforcement under FRCP 62(h).  The

16  judgment (Doc. 78) and its enforcement will be stayed until the end of the tenth day following the

17  settlement conference without the need to post a bond or other security.  The court finds that the

18  plaintiff's financial interests during this brief stay will be adequately protected by the accruing

19  interest.

20        Accordingly, IT IS HEREBY ORDERED THAT Defendants' Emergency Motion to Alter or

21  Amend Judgment or for Stay **(Doc. 81) is GRANTED in part and DENIED in part**:

22        •        **The judgment (entered 5/19/15) and its enforcement is STAYED until the**

23                **expiration of the tenth calendar day following the completion of the settlement**

24                **conference**; and

25        •        The motion is denied in all other respects.

26  DATED: June 1, 2015.

27        _____
          Jennifer A. Dorsey
          United States District Judge

28